UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles W. Penland, Sr., # 12904-171, and Mary A. Penland,<br><br>      Plaintiffs,<br><br>vs.<br><br>County of Spartanburg, State of South Carolina, South Carolina Department of Revenue, Jerry Saad as the court appointed receiver, and the RMC Office of Spartanburg County,<br><br>      Defendants. | C/A No. 6:07-3288-HFF-WMC<br><br>**Report and Recommendation** |

## Background of this Case

The *pro se* plaintiff in this case is Charles W. Penland, Sr., who is a federal inmate at FCI-Butner serving a 120-month sentence for conspiracy to distribute cocaine and methamphetamine entered in *United States v. Penland*, Criminal No. 7:05-710-HFF (DSC).[1]  His wife, who is not incarcerated and is domiciled in Gray Court, South Carolina, is a joint *pro se* plaintiff. The plaintiffs bring this civil action for damages, alleging that the defendants more than three years ago illegally took 4.5 acres of their property located in Greer, South Carolina, for a right-of-way for Highway 101 without notice and without giving them just compensation.  The plaintiffs paid the full three hundred fifty ($350) filing fee in this case.  See Receipt No. 600003870 (DSC, October 12, 2007).

---

[1] Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

The plaintiffs allege that "[t]he Penland's aforementioned property was first tied up in a federal forfeiture, and when it was released, illegal tax debts were lodged by the South Carolina Department of Revenue, because of the actions of the Court appointed Receiver." (Compl. at 3-4). The plaintiffs filed a motion on October 11, 2007, entitled "motion to stay the State of South Carolina from placing more liens against the Penland's property." In this motion, the plaintiffs allege that defendant Saad "has failed [sic] to file and pay all taxes due the IRS and the South Carolina Department of Revenue." They allege that they have been assessed millions of dollars in tax liens against their properties that were *not* forfeited. The plaintiffs request that this Court enter a stay to stop "the South Carolina Department of Revenue from placing any liens on Penland property" and "to remove the liens on Penland's property." (Mot. to Stay at 3.)

### ***Pro Se* and Prisoner Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. Notwithstanding that the prisoner Charles W. Penland, Sr. paid the full filing fee and joined his wife, a non-prisoner, as a named plaintiff, his claims are subject to review pursuant to the procedural provisions of 28 U.S.C. § 1915(e)(2) and § 1915A. The *pro* se Mary A. Penland's claims are also subject to an initial review by the Court. See *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (noting that § 1915A is restricted to prisoners who sue governmental entities, officers, or employees, but that § 1915(e)(2) applies to any case filed by a prisoner regardless of whether the prisoner paid the full filing fee); *see also Boyce v. Alizaduh*, 595

F.2d 948 (4th Cir. 1979) (recognizing a district court's authority to conduct an initial screening of any *pro se* filing).[2]  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 1915(e)(2) allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless.  *Denton*, 504 U.S. at 31.  In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  *Id.*

The plaintiffs are *pro se* litigants, and thus their pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  Even under this

---

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

less stringent standard, the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

**I.** *Defendant Receiver Saad*

A review of the pleadings reveals that the plaintiffs allege that Receiver Saad was appointed in Criminal Action No. 7:05-710 to manage the plaintiff Charles Penland's assets. This Court takes judicial notice of that action and that the Honorable Henry F. Floyd, United States District Judge, did in August 2005, appoint Gerald Saad as the Receiver for certain companies owned by Charles Penland. *See United States v. Charles W. Penland, Sr.*, C/A No. 7:05-cr-710, *aff'd* ___ Fed. Appx. ___, No. 07-4201, 2007 WL

2985299 (4th Cir., October 15, 2007).[3]  Defendant Saad is subject to summary dismissal in this case because he has absolute quasi-judicial immunity.  During the alleged actions and inaction by this defendant, he was carrying out his duties as court-appointed receiver in Criminal Action No. 7:05-710 pursuant to the Order of the Honorable Henry F. Floyd, United States District Judge.

The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'"  *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992).  *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel).  *Cf. Pink v. Lester*, 52 F.3d 73 (4th Cir.1995) (overruling a 1972 case holding that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings).  Defendant Saad, by failing to act in accordance with judicial mandate or court rule, would place himself in contempt of court.  *See Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977).  Accordingly, defendant Saad is entitled to quasi-judicial immunity in this lawsuit, and he should be summarily dismissed.

---

[3] Taking judicial notice of another pending case by the plaintiff is appropriate. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

## II. *The South Carolina Defendants*

The plaintiffs sue the State of South Carolina and the South Carolina Department of Revenue for damages from the taking of property without just compensation. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Bellamy v. Borders*, 727 F. Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Soc. Serv.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst State Sch. & Hosp.*, a state must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that

the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). It is clear that the South Carolina Department of Revenue is an arm of the State. Therefore, both South Carolina defendants should be dismissed without prejudice based upon Eleventh Amendment immunity.

### III.  *The Spartanburg County Defendants*

Although a county may be sued under 42 U.S.C. § 1983[4] for violation of a federal right, the plaintiffs must demonstrate that their deprivation was caused by execution of a governmental policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). A municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997). Plaintiffs fail to identify a policy or custom of the County of Spartanburg or the County RMC Office which caused their federal rights to be violated. Further, no facts are alleged which would tend to prove that these defendants had a policy or custom which caused the plaintiff's injuries. Therefore, the complaint against defendants Spartanburg County and the

---

[4] Title 42 U.S.C. § 1983 states in part,
 "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...".

Spartanburg County RMC Office should be dismissed pursuant to § 1915(e)(2) for failure to state a claim upon which relief may be granted.

IV. *Motion to Stay*

The plaintiffs' motion to stay[5] which requests that this Court order the South Carolina Department of Revenue "to remove the liens on Penland's property" should be denied based upon Eleventh Amendment immunity, as discussed above in Section II of this report and recommendation. Furthermore, it appears that this motion to stay is intricately intertwined with defendant Saad's alleged improper actions; because defendant Saad's actions cannot be scrutinized in this civil action due to his absolute quasi-judicial immunity, the motion to stay should be denied.

**Recommendation**

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and without issuance and service of process, and the motion to stay should be denied *without prejudice. See In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such

---

[5] The motion for stay should be entitled a motion for injunction.

actions quickly in order to preserve scarce judicial resources."). **I further recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).**

*Each plaintiff's attention is directed to the very important notice on the following page.*

        s/William M. Catoe
        United States Magistrate Judge

October 25, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiffs are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

10